

# NUMBER 13-11-00279-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

ARTHUR TRUJILLO,                                                          Appellant,

v.

THE STATE OF TEXAS,                                                      Appellee.

### On appeal from the 329th District Court
### of Wharton County, Texas.

# MEMORANDUM OPINION

### Before Justices Rodriguez, Vela, and Perkes
### Memorandum Opinion by Justice Perkes

Appellant, Arthur Trujillo, pleaded guilty to the offense of aggravated kidnapping. *See* TEX. PENAL CODE ANN. § 20.04 (West 2011). At the conclusion of the punishment phase of trial, the trial court concluded appellant proved by a preponderance of the evidence that appellant released the victim of the crime in a safe place. *Id.* § 20.04(d). Accordingly, the offense was reduced from a first-degree felony to a second-degree felony. *See id.* Based on appellant's plea and the evidence presented, the trial court

found appellant guilty and sentenced him to a term of twenty years of confinement in the Texas Department of Criminal Justice. Appellant timely perfected this appeal, and as discussed below, his court-appointed counsel filed an *Anders* brief. We affirm.

## I. *ANDERS* BRIEF

Pursuant to *Anders v. California,* 386 U.S. 738, 744 (1967), appellant's court-appointed appellate counsel filed a brief and a motion to withdraw with this Court, stating that his review of the record yielded no grounds of error upon which an appeal can be predicated. Counsel's brief meets the requirements of *Anders* as it presents a professional evaluation demonstrating why there are no arguable grounds to advance on appeal. *See In re Schulman,* 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343–44 (Tex. App.—Corpus Christi 2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).

In compliance with *High v. State,* 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), appellant's counsel has carefully discussed why, under controlling authority, there are no reversible errors in the trial court's judgment. Counsel has informed this Court that he has: (1) examined the record and found no arguable grounds to advance on appeal; (2) served a copy of the brief and counsel's motion to withdraw on appellant; and (3) informed appellant of his right to review the record and to file a pro se response.[1]

---

[1] The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the rules of appellate procedure in order to be considered. Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the

*See Anders,* 386 U.S. at 744; *Stafford,* 813 S.W.2d at 510 n.3; *see also In re Schulman*, 252 S.W.3d at 409 n.23.   More than an adequate period of time has passed, and appellant has not filed a pro se response.[2]   *See In re Schulman*, 252 S.W.3d at 409.

## II.  INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous.   *Penson v. Ohio*, 488 U.S. 75, 80 (1988).   We have reviewed the entire record and counsel's brief, and have found nothing that would arguably support an appeal.   *See Bledsoe v. State,* 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509.   There is no reversible error in the record.   Accordingly, the judgment of the trial court is affirmed.

## III.  MOTION TO WITHDRAW

In accordance with *Anders*, appellant's attorney asked this Court for permission to withdraw as counsel for appellant.   *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779–80 (Tex. App.—Dallas 1995, no pet.)   ("[i]f an attorney believes the appeal is frivolous, he must withdraw from representing the appellant.   To withdraw from representation, the

---

case presents any meritorious issues." *In re Schulman,* 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (quoting *Wilson v. State*, 955 S.W.2d 693, 696–97 (Tex. App.—Waco 1997, no pet.)).

[2]   On August 19, 2011, with his *Anders* brief, appellant's counsel filed a motion for extension of time to file a pro se brief, and on September 19, 2011, the State filed a motion for extension of time to file an appellee's brief.   Appellant was granted an extension of time to file a pro se response, and the State's motion was carried with the case on appeal.   In light of this opinion, we hereby deny the State's motion for extension as moot.

appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.") (citations omitted)).  We grant counsel's motion to withdraw.  Within five days of the date of this Court's opinion, counsel is ordered to send a copy of this opinion and this Court's judgment to appellant and to advise him of his right to file a petition for discretionary review.[3]  *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

Gregory T. Perkes
Justice

Do not publish.   TEX. R. APP. P. 47.2(b).

Delivered and filed the
20th day of October, 2011.

---

[3]   No substitute counsel will be appointed.  Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review.  Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing or timely motion for en banc reconsideration that was overruled by this Court.  *See* TEX. R. APP. P. 68.2. Effective September 1, 2011, any petition for discretionary review must be filed with the clerk of the Court of Criminal Appeals.  *See* TEX. R. APP. P. 68.3.  Any petition for discretionary review should comply with the requirements of Texas Rule of Appellate Procedure 68.4.  *See* TEX. R. APP. P. 68.4.